[661 NYS2d 321]

In the Matter of JOSEPH ORSINI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 30, 1997

### APPEARANCES OF COUNSEL

*Gerard R. LaRusso,* Buffalo *(Roderick Quebral* of counsel), for petitioner.

*Charles H. Dougherty,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1972, and maintains an office in the Town of Hamburg, Erie County. The Grievance Committee filed a petition containing five charges of misconduct. Respondent's

answer denied material allegations of the petition and a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. The Referee has filed his report that the Grievance Committee now moves to confirm.

The Referee found that respondent, a compulsive gambler, converted funds from four separate estates and has failed to reimburse a total of $31,887.69 to three of those estates. Additionally, the Referee found that respondent frequently commingled his own funds with those of his clients, issued checks from his escrow account payable to cash for personal expenses, and made cash deposits into his escrow account without keeping adequate records identifying the source, description or purpose of each deposit.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds with his own;

DR 9-102 (B) (22 NYCRR 1200.46 [b])—failing to maintain client funds in a special account or accounts, separate from any of his business or personal accounts or those of his firm;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing promptly to pay or deliver to the client or third person as requested by the client or third person the funds, securities or other properties in his possession that the client or third person is entitled to receive; and

DR 9-102 (D) (22 NYCRR 1200.46 [d])—failing to maintain required bookkeeping records relating to client funds.

We have considered the matters in mitigation submitted by respondent and conclude that respondent should be disbarred and directed to make restitution of the unreimbursed amounts converted from the estates.

DENMAN, P. J., PINE, LAWTON, BALIO and BOEHM, JJ., concur.

Order of disbarment entered.