[705 NYS2d 314]

In the Matter of ALLAN L. PAGLIA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 29, 2000

**APPEARANCES OF COUNSEL**

*Connors & Vilardo, L. L. P.,* Buffalo (*Terrence M. Connors* of counsel), for respondent.

*Colleen P. Dietrich,* Buffalo, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 19, 1968, and formerly maintained offices for the practice of law in Hamburg and North Collins. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including conversion, engaging in conduct involving fraud, dishonesty and misrepresentation, commingling and neglect. Respondent filed an answer admitting the allegations in the petition and asserting in mitigation that he has been diagnosed with compulsive gambling and depressive disorders.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR-102 (a) (7) (former [8]) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly unearned legal fees;

DR 5-101 (a) (22 NYCRR 1200.20 [a])—accepting employment when the exercise of professional judgment on behalf of the client may be affected by his own interests;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client when they have differing interests therein;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We note, in mitigation, that the misconduct is related to respondent's compulsive gambling disorder that is currently controlled through medication and counseling. Additionally, re-

spondent admitted his misconduct, expressed extreme remorse and made restitution to his clients (*cf.*, *Matter of Orsini*, 231 AD2d 112). Accordingly, we conclude that respondent should be suspended for three years and until further order of the Court.

GREEN, J. P., HAYES, WISNER, HURLBUTT and LAWTON, JJ., concur.

Order of suspension entered.